Aetna Ins. Co. *v.* Solomon Bros., Inc.

5-2574                                       353 S. W. 2d 346

Opinion delivered January 29, 1962.

[Rehearing denied February 26. 1962.]

*Dinning & Dinning,* for appellant.

*John L. Anderson* and *David Solomon, Jr.,* for appellee.

Sam Robinson, Associate Justice.   On July 1, 1919, the Missouri Pacific Railroad Company entered into a contract with certain individuals operating a gin as a partnership whereby the railroad company constructed a switch at a side track to furnish service to the gin. Among other things the contract provides:

"Shipper forever shall defend, indemnify as an insurer and save harmless the carrier from, for and against any and all liability, judgments, outlays, and expenses, whatsoever  .  .  .  consequent on any fire howsoever set out in Shipper's premises."

It appears that at least for the last past 19 years the gin has been operated by appellee, Solomon Brothers, Inc. It is not shown at just what time the partnership quit operating the gin nor is it shown how or under what circumstances the appellee became the operator of the gin.

In November 1954 a fire occurred on the gin property and destroyed three box cars belonging to the railroad company. Appellant, Aetna Insurance Company, had issued to the railroad company a fire insurance pol-

icy covering the box cars. Pursuant to the terms of the policy, the insurance company paid the railroad company for the loss sustained as a result of the fire and the railroad company in turn assigned to the insurance company its asserted claim against the gin company for damages alleged to be due under the terms of the 1919 contract between the railroad company and the partnership. The insurance company sued the appellant corporation on the assignment. There was a trial resulting in a judgment for the defendant gin company and the insurance company has appealed.

Several points are argued but we reach only one. There is no showing in the record that the appellee corporation assumed the obligations of the partnership on the contract between the partnership and the railroad company. In fact, there is no showing of how or from whom the gin company obtained the possession of the gin. It may have been that the corporation obtained the gin from the partnership. On the other hand the gin may have passed through the hands of several others before it was acquired by the corporation. In any event, there is no showing that the corporation assumed the obligations of the partnership or that the corporation ever heard of the contract in question until after the fire occurred.

Affirmed.